```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JAMES E. KING, III,

    Petitioner,

v.                                        Civil Action No. 5:06CV156
                                           (Criminal Action No. 5:05CR6)

UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

Pro se[1] petitioner, James E. King, III, filed a motion to withdraw his guilty plea, arguing that his counsel deceived him as to the meaning of a partially concurrent sentence. The Court notified the petitioner that his motion would be construed as a motion under 28 U.S.C. § 2255, unless the petitioner elected to proceed with the motion to withdraw guilty plea. Thereafter, the petitioner elected to proceed with a § 2255 petition to which the government filed a response and the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

## II. Facts

On April 11, 2005, the petitioner plead guilty in the Northern District of West Virginia to bank robbery, in violation of 18 U.S.C. § 2113(a). On June 17, 2005, the petitioner was sentenced to 110 months imprisonment.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed

objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

The petitioner contends in his § 2255 petition that he received ineffective assistance of counsel because he was "deceived and lied to" as to what a partially concurrent sentence would be. Based on a review of the record and the applicable law, Magistrate Judge Seibert entered a report and recommendation in which he recommended that the petitioner's § 2255 petition be denied and dismissed because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. In his objections to the report and recommendation, the petitioner reiterates his claim, contending that his counsel failed to explain the different types of concurrent sentences and deceived the petitioner into taking the plea agreement.

In this case, the petitioner plead guilty to Count Five of an indictment charging him with bank robbery. Specifically the petitioner signed a plea agreement on February 3, 2005, which stated that he "waives the right . . . to challenge the plea, the conviction or the sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255," if the Court does not give a sentence that includes a period of incarceration greater than 130 months concurrent to the sentence

that the petitioner was already serving.[2] This Court finds that the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction, and that the petitioner's ineffective assistance of counsel claim is barred by this valid waiver. Accordingly, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

In his objections, the petitioner also essentially argues that because the federal court imposed 110 months of imprisonment, which combined with the state sentence of 82 months exceeds 130 months, he did not waive his appellate rights. However, the petitioner did not raise this point of error in his original § 2255 petition, and therefore, the petitioner's argument is not properly before this Court. See Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("[T]he party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). Accordingly, this Court will not address the petitioner's arguments that he asserts for the first time in his objections to the magistrate judge's report and recommendation.

---

[2] The plea agreement was accepted and filed by this Court on April 11, 2005. At the petitioner's sentencing hearing on June 17, 2005, this Court sentenced the petitioner to 110 months imprisonment.

4

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      December 9, 2008

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE